UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Raymond Hall,                                    Case No. 3:13-cv-0548

            Plaintiff

v.                                               MEMORANDUM OPINION
                                                                     AND ORDER

Adult Parole Authority,

            Defendant.

### BACKGROUND AND HISTORY

P*ro se* Plaintiff Raymond Hall filed this action under 42 U.S.C. § 1983 against the Ohio Adult Parole Authority. He contends he was initially told by the APA he was granted parole; however, prior to his actual release, he was notified that the board had reconsidered its decision. He seeks a hearing in this Court to determine which information in his file is being used to deny him parole.

Plaintiff is currently incarcerated in the Marion Correctional Institution serving a sentence of seven to twenty-five years for attempted aggravated murder. Ohio Department of Rehabilitation and Correction records indicate his next parole hearing is scheduled for December 2013.[1]

Plaintiff indicates he was given a parole hearing in July 2005. At that time, the board recommended Plaintiff be released on parole with substance abuse screening and programming if indicated. On December 22, 2005, Plaintiff received a copy of a Stop Release issued to the Marion Correctional Institution from the Chair of the Parole Board. This memo indicated new information was received which required consideration by the board as it reflected on the release decision.

---

[1] *See* http://www.drc.ohio.gov/OffenderSearch/Search.aspx

Thereafter, the parole board conducted a new hearing before the full board and denied parole. Plaintiff's parole hearing was continued to February 1, 2010. The board indicated it considered the release factors in AR 5120-1-1-07 and concluded Plaintiff was not suitable for release because his crime involved intentionally discharging a shotgun into the victim three times resulting in permanent serious bodily injury and having a substantial and prolonged negative impact on the victim and her family.

It appears Plaintiff had another parole hearing in February 2010. He was again denied parole. He requested reconsideration of this decision and in response received a letter from Hearing Officer Dale Matthews. Mr. Matthews indicated:

> The Full Parole Board at the 2/11/10 Central Office Board Review (COBR) exercised its clinical judgment and discretion to conclude that when taken in their totality the accumulation of factors and risks posed in your case do not warrant parole release at this time. Some of those aggravating factors/risks include the serious ongoing harm and permanent bodily injury suffered by the victim when you attempted to kill her with a sawed-off shotgun at her place of employment in violation of a protection order. This occurred after a Domestic Violence conviction also involving the same victim. In addition, the Board determined that your risk is further elevated by your prior Aggravated Vehicular Homicide conviction.

(Doc. No. 1-8 at 1). Plaintiff attempted to obtain the medical records of the victim, who was identified as Plaintiff's ex-wife, but was told they were not public records and could not be disclosed.

Plaintiff filed a Petition for a Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2254 on February 10, 2011, claiming he had been wrongfully denied parole in 2005. That case, No. 1:11 CV 295, was assigned to United States District Court Judge Patricia A. Gaughan. Judge Gaughan dismissed the Petition on April 7, 2011, finding that Plaintiff had no constitutional right to be released on parole. He did not appeal that judgment.

2

Plaintiff has now filed this civil rights action under 42 U.S.C. § 1983. He claims that the Stop Release memorandum mentioned new information but parole board members have told him no new evidence was received by the board. He contends there must be some type of new information, which is inaccurate. He claims he has been told that the information in his file is confidential. He disagrees and requests "a hearing on this."

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**LAW AND ANALYSIS**

To the extent Plaintiff is challenging the reversal of his parole decision in 2005, and the denial of his release on parole in 2010, his claims must be dismissed. As an initial matter, the statute of limitation period for filing civil rights claims pertaining to these incidents has expired. Ohio's two year statute of limitations for bodily injury applies to § 1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). The parole hearings in question took place in 2005 and 2010. This action, filed in 2013, is well beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing those claims to go forward in view of the fact that they are clearly time-barred. *See Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998) (affirming *sua sponte* dismissal of *pro se* § 1983 action filed after two year statute of limitations for bringing such an action had expired).

Furthermore, Plaintiff has already challenged the 2005 parole decision in his habeas petition before Judge Gaughan. The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case. Because Plaintiff already challenged the 2005 parole decision, he cannot bring a civil rights action to assert the same claim or claims which could and should have been addressed in the prior action.

I note that *res judicata* and statute of limitations are affirmative defenses that generally must be raised by the defendants in a responsive pleading. Fed.R.Civ.P. 8(c)(1); OHIO R. CIV. P. 8 (C); *see Haskell v. Wash. Township*, 864 F.2d 1266, 1273 (6th Cir. 1988). Where the allegations in the Complaint on their face demonstrate that the action is barred by the affirmative defense of statute of limitations or *res judicata*, however, the court may dismiss the action. *Cataldo v. U.S. Steel Corp.,* 676 F.3d 542, 547 (6th Cir. 2012). Further, the district court is permitted to take notice of its own docket when considering invocation of *res judicata*. *Arizona v. California*, 530 U.S. 392, 412 (2000); *Hutcherson v. Lauderdale County, Tennessee*, 326 F.3d 747, 757 (6th Cir. 2003); *Holloway Constr. Co. v. United States Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989) (affirming a district court's *sua sponte* assertion of *res judicata* where the district court had decided the original case and adding that "a district court may invoke the doctrine of *res judicata* in the interests of, inter alia, the promotion of judicial economy").

Moreover, to the extent Plaintiff is contending he has a constitutional right to review and edit the information in his parole file, his claim is without merit. Prisoners have no protected liberty interest in conditional release on parole prior to the expiration of a valid sentence. *Jago v. Van Curen*, 454 U.S. 14, 20 (1981); *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). The decision to grant or deny parole to Ohio prisoners lies wholly within the discretion of the Ohio Adult Parole Authority. *Van Curen v. Jago*, 641 F.2d 411, 414 (6th Cir. 1981). Because prisoners have no right to parole, they have no interest protected by the Due Process Clause to the information used by the parole board to consider their suitability for release. [R]eliance on false information in a parole hearing does not constitute a violation of due process rights. *See Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001) (explaining that a prisoner's conclusory allegation that parole board relied on false information in parole file was insufficient to state claim for due process violation); *Jergens v. Ohio Dep't of Rehab. & Correction Adult Parol Auth.*, 2:10-CV-01183, 2011 WL 2421037 (S.D. Ohio June 13, 2011) (stating that a prisoner has no right protected by due process to

5

challenge the accuracy of information used by the parole board); *Reffitt v. Nixon*, 917 F.Supp. 409, 413 (E.D. Va. 1996) (explaining that a prisoner may not raise a claim under § 1983 to contest information in his parole file because a prisoner does not have a liberty interest in being granted parole); *Washington v. White*, 805 F.Supp. 191, 193 (S.D.N.Y.1992) (explaining that "[s]ince New York's parole provisions do not create an entitlement to parole ... any alleged unfairness in plaintiff's parole hearing does not and cannot afford a predicate for relief under Section 1983").

Further, even if Ohio had created a liberty interest in release on parole, all that due process requires is an opportunity to be heard and a statement of the reasons denying parole. *Swarthout v. Cooke*, 562 U.S. ——, 131 S.Ct. 859, 862 (2011). Here plaintiff was afforded an opportunity to be heard at his parole hearing in 2010 and received a statement of the reasons for denying parole. He suggests some of the reasons for denying him parole are erroneous; however, he does not specify which information is mistaken. He was given statements each time indicating the information upon which the board relied to deny his release on parole. That is all due process would be required even if a protected liberty interest were at stake.

## CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.[2]

So Ordered.

   s/Jeffrey J. Helmick
United States District Judge

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.